HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
Viewed in the light most favorable to Young, the evidence supports that Defendants mischaracterized the facts in the search warrant affidavits. The affidavits do not disclose that in the five sales, Young had only one interaction with Earls; they falsely assert that Earls indicated the property was either “hot” or was obtained illegally; and they completely omit that Earls repeatedly asserted that the property was not stolen. Further, Defendants’ deposition testimony regarding what was said by detectives from the Mason Police Department does not support the assertion in the affidavit that Mason officers informed Defendants that ‘Young sold stolen property out of his residence.” Additionally, whatever can be said of Kist, a reasonable officer listening to tapes of the controlled buys, which Defendants assert they did, would “conclusively know” that Young was protected by the statutory defense. See Fridley v. Horrighs, 291 F.3d 867, 873 (6th Cir.2002). Young made repeated inquiries and was assured both by Kist and Earls that nothing had been stolen. The record supports that the search of Young’s residence and his arrest and prosecution were based on Defendants’ misrepresentations and omissions. For these reasons, I would reverse the grant of summary judgment regarding the search of Young’s residence and his arrest and prosecution. I agree that summary judgment was properly granted with respect to the other claims.